Dale M. Cendali
Claudia Ray
Shanti Sadtler Conway
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
claudia.ray@kirkland.com
shanti.conway@kirkland.com

Megan L. McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
megan.mckeown@kirkland.com

*Attorneys for Plaintiff Delta Air Lines, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DELTA AIR LINES, INC., | Case No. 1:21-mc-363 |
| Plaintiff, | ECF Case |
| - against - | **DELTA AIR LINES, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL** |
| THE LIGHTSTONE GROUP, LLC, | |
| Defendant. | |

Plaintiff Delta Air Lines, Inc. ("Delta" or "Plaintiff") hereby files this Memorandum of Law in Support of their Motion for Leave to File Under Seal in the above-referenced action.

## BACKGROUND

Delta filed a motion to compel Defendant Lightstone Group, LLC ("Lightstone") to produce documents pursuant to a lawfully issued subpoena.  Exhibit C to this motion is a document produced by defendant Marriott International, Inc. ("Marriott") in *Delta Air Lines, Inc. v. Marriott International Inc.*, 1:20-cv-01125, currently pending in the Northern District of Georgia ("the Georgia Action").  This document was marked "Attorneys' Eyes Only," which Delta understands to correspond to the "Highly Confidential" category provided pursuant to the protective order in the Georgia Action.  Delta respectfully requests that the Court grant its Motion to File the Motion to Compel, which discusses Exhibit C, and Exhibit C under seal.

## ARGUMENT

While Federal Courts recognize a general common law right of public access to court records and proceedings, the right of access is not absolute and courts have discretion to deny such public access where appropriate.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)).  "To determine whether documents should be placed under seal, a court must balance the public's interest in access to judicial documents against the privacy interests of those resisting disclosure."  *In re Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 39 (2d Cir. 2012) (citing *Lugosch v.Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Court documents may be sealed to avert "[p]otential damage from the release of sensitive business information" and protect from the disclosure of information that may harm a business's ability to compete in the future. *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 Civ. 2003, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases).  This is particularly true where, as here,

the information to be sealed has been designated as confidential by a non-party and produced in another litigation. *See id.*; *Alexander Interactive, Inc. v. Adorama, Inc.*, 12 Civ. 6608 (PKC)(JCF), 2014 WL 4346174 at *2 (S.D.N.Y. Sept. 2, 2014).

The Motion and Exhibit C contain confidential, competitively sensitive commercial information the public disclosure of which Marriott has represented that would be harmful to Marriott. This is why Marriott has designated this document agreements as "Attorney's Eyes Only."

## CONCLUSION

For the foregoing reasons, Delta respectfully requests that it be granted leave to file the Motion to Compel under seal in part and Exhibit C under seal in its entity.


Dated: March 22, 2021

/s/ Claudia Ray
Dale M. Cendali
Claudia Ray
Shanti Sadtler Conway
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
claudia.ray@kirkland.com
shanti.conway@kirkland.com

Megan L. McKeown
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
megan.mckeown@kirkland.com

*Attorneys for Plaintiff Delta Air Lines, Inc.*